UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUAR ARTURO TORRES LIZCAINO, | No.  1:26-cv-04938-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT |
| WARDEN, CENTRAL VALLEY ANNEX, | |
| Respondent. | |
| | (Doc. Nos. 1, 2) |

On June 26, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1), and a motion for a temporary restraining order ("TRO") seeking his immediate release from custody.  (Doc. No. 2.)  Petitioner alleges that he was released on his own recognizance in February 2024 after entering the United States, and on April 18, 2026, ICE re-detained him without a pre-deprivation hearing.  (Doc. No. 1 at ¶¶ 3, 6.)

On June 30, 2026, the court set a briefing schedule on the pending TRO motion and directed respondent to indicate in its opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 5.)  In that same

1

order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in opposition and provide substantive reasons in support of that position. (*Id.*)

On July 2, 2026, respondent filed a combined response to the *habeas* petition and opposition to the motion for a TRO. (Doc. No. 6.) In that opposition, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 6 at 2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent concedes that there does not appear to be material differences between this case and most of those cited in the court's June 30, 2026 order. (Doc. No. 6 at 3.) Respondent has not stated any opposition to the court ruling on the habeas petition based upon the current briefing and the court notes that the caption of the respondent's filing indicates it is an opposition to the motion for a TRO and its response to the *habeas* petition and includes in the body of its brief its opposition to the granting of the *habeas* petition. (Doc. No. 6 at 1, 2.) Given this, the court will also resolve the pending *habeas* petition based on the briefing currently before it.

Considering the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2-6 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's *habeas* petition.

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

        a.      Respondent is ORDERED to immediately release petitioner Eduar Arturo Torres Lizcaino, A-File No. 244-416-715, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about April 18, 2026;

      b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve the warden of the Central Valley Annex Detention Facility with a copy of this order; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 7, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3